UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
THERESA ANN HANKERSON,

                  Plaintiff,

           -against-

SAFE HORIZON et al

                Defendants.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
24-CV-2799 (LDH)

LaShann DeArcy Hall, United States District Judge.

Plaintiff Theresa Ann Hankerson, proceeding *pro se*, brings this action alleging a violation of "privacy of public human rights."  (Compl., ECF No. 1.)  For the following reasons, the Complaint is dismissed, and Plaintiff is granted until April 29, 2026, to file an amended complaint.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint.  *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)).  A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Furthermore, it is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it to raise the strongest

1

arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9

(1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

However, the Supreme Court has held that a district court has "the authority to 'pierce the

veil of the complaint's factual allegations'" when considering an *in forma pauperis* complaint.

*Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (internal citation omitted).  In addition, "a court is

not bound . . . to accept without question the truth of the plaintiff's allegations. We therefore

reject the notion that a court must accept 'as having an arguable basis in fact,' all allegations that

cannot be rebutted by judicially noticeable facts." *Id.* (internal citation omitted).

## BACKGROUND

Plaintiff's complaint is difficult to fully understand, but she appears to allege that her

human rights and tenants' rights were violated.  (Compl. at 2.)  Plaintiff states:

> "I am being ambu[s]h as well vandalism . . . in the public as well being a . . . cyber
> bullying . . . my private damage my public reputation, an act of mindless vandalism
> the act of intentionally, defacing, damage . . .. I had request [to] be  in a shelter I
> had to go to another shelter [i]n New York, New Jersey but had kick out, . . . was
> suppose[ed] to refer me another shelter . . . I had a police brutality case against 61,
> Pct, PSHA . . . Unclaim Funds Corp. state they was gonna give me, my funds that
> they been withholding[.] In May of 2020 I was assaulted by cab driver, when cops
> came they held me for no reason, they had put me in jail then a hospital held me
> over my will at Torrance State Hospital in Pennsylvania . . . I go to the ER to get
> injection for my hip replacement plus I had broken rib, as well spasms in my back
> legs . . . ."

(Compl. at 5-6.)  Plaintiff's requested relief includes a "search warrants to take place, also

requested biology parent records; Army records life insurance . . . medical record social security

record, my health records FDIC, records, request, police custody, or domestic violence, shelter

for safety, [r]equested for search warrant for Kwon Lee apartment . . . ." *Id.* at 6.

2

**DISCUSSION**

## I. Rule 8

Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain" a "short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." Those statements must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). This applies to *pro se* plaintiffs as well. *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019) ("While we construe *pro se* pleadings liberally, the basic requirements of Rule 8 apply to self-represented and counsel alike.") (internal quotations omitted). "When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative, . . . to dismiss the complaint." *Id*.

Here, Plaintiff's complaint is disjointed and difficult to decipher. Plaintiff does not offer any intelligible or comprehensible claim. The allegations include claims of vandalism, cyberbullying, denial of shelter in New York and New Jersey, police brutality by officers in the 61st Precinct, wrongful confinement at Torrance State Hospital in Pennsylvania, and withheld unclaimed funds. (Compl. at 5-6.) However, the complaint fails to plead any facts to show that a constitutional or federal right was violated. The complaint also fails to provide a coherent statement showing that the Plaintiff is entitled to relief. Even giving the most liberal construction to Plaintiff's Complaint, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is unable to find that a cause of action has been alleged, and the Complaint clearly does not comply with Rule 8(a). As such, the Complaint must be dismissed.

**LEAVE TO AMEND**

If a "liberal reading of the complaint gives any indication that a valid claim might be stated," a *pro se* plaintiff should be given an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009). Here, Plaintiff's claims may reveal themselves to be frivolous, but in light of this Court's duty to liberally construe *pro se* complaints, and in an abundance of caution, the Court will allow Plaintiff to file an amended complaint in compliance with Rule 8(a) of the Federal Rules of Civil Procedure. *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000).

If Plaintiff chooses to file an amended complaint, Plaintiff must identify each legal claim and set forth a short, plain statement of the relevant facts supporting the claim. Plaintiff should describe what each named defendant or defendants did or did not do, and how each defendant caused Plaintiff injury, and only name defendants that were personally involved. Plaintiff must also provide the dates and locations for each relevant event. If Plaintiff seeks to bring a claim related to her stay at Torrance State Hospital in Torrance, Pennsylvania, she must file any such claim in the United States District Court for the Western District of Pennsylvania, not in this Court. *See* 28 U.S.C. §118(c).

**REQUEST FOR RECUSAL**

Plaintiff filed a one-page letter motion, "requesting to change judge . . . d[ue] to . . . understanding constitution right for [Plaintiff]." (ECF No. 10.) A federal judge "shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned" or where the judge "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1). Plaintiff's submission does not establish either of these grounds for recusal. To the extent Plaintiff seeks recusal because the Court *sua sponte* dismissed her previous action, "judicial

4

rulings alone almost never constitute valid basis for a bias or partiality recusal motion." *Liteky v. United States*, 510 U.S. 540, 541 (1994). Plaintiff's motion is therefore denied.

### CONCLUSION

Accordingly, the Complaint, filed *in forma pauperis*, is dismissed. 28 U.S.C. § 1915(e)(2)(B). Plaintiff is granted until April 29, 2026, to file an amended complaint. Plaintiff's motion for recusal is denied. (ECF No. 10.)

For free, confidential, limited-scope legal assistance, Plaintiff may wish to contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project in Brooklyn by calling (212) 382-4729.

The amended complaint will replace, not supplement, the original complaint, and must be captioned as "Amended Complaint" and include the same docket number as this Order: 24-CV-2799 (LDH) (LB).

Any amended complaint that Plaintiff elects to file will be reviewed for sufficiency. No summons shall issue at this time and all further proceedings shall be stayed. If Plaintiff fails to amend the complaint, or cure the deficiencies discussed herein, judgment shall be entered.

The Clerk of Court is directed to mail a copy of this Memorandum and Order to Plaintiff, along with a general complaint form.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____/s/ LDH_____
LaShann DeArcy Hall
United States District Judge

Dated: Brooklyn, New York
      April 14, 2026